UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

ALVIN J. MARTINEZ,

    Plaintiff,

v.

UNIVERSITY OF PUERTO RICO,

    Defendant.

Civil No. 06-1713 (JAF)

**OPINION AND ORDER**

Plaintiff, Alvin J. Martínez, brings this pro-se action against Defendant, University of Puerto Rico ("UPR"), alleging violations of his Fourteenth Amendment rights to "academic liberty" and equal protection. Docket Document No. 1-1. Plaintiff also alleges misconduct on the part of Puerto Rico's Office of Government Ethics ("OGE"), but has not named OGE as a defendant. Id. Defendant moves to dismiss Plaintiff's suit for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). Docket Document No. 10.

**I.**

**Factual and Procedural Synopsis**

We derive the following factual summary from Plaintiff's complaint. Docket Document No. 1. As we must, we assume that all of his allegations are true and make all reasonable inferences in his favor. Alternative Energy, Inc. v. St. Paul Fire and Marine Ins., Co., 267 F.3d 30, 36 (1st Cir. 2001). Plaintiff is a contract

professor at UPR.  Plaintiff experienced a number of problems with his employer, including a confrontation with the director of his department, Dr. Arleen Hernández, who filed charges against Plaintiff as a result of the encounter.  The Dean of Academic Affairs, Dr. Sonia Balet, also allegedly mistreated Plaintiff by reducing his time allotted to research, assigning him an onerous teaching schedule, and attempting to prevent him from rightful participation in academic activities, including publication.

In 1993, Plaintiff withdrew a proposal to write a book after Defendant allegedly attempted to disqualify him from receiving an academic research award. In 2004, Plaintiff applied for a scholarship to pursue a doctorate, which Defendant denied.  In 2006, Defendant revoked Plaintiff's academic load allotment to conduct research after Plaintiff again proposed publishing his work "in the form of a college textbook geared to the international market."  Plaintiff sought redress for his various complaints within the university system, filing petitions with UPR's chancellor, president, and board of trustees.  Plaintiff received no satisfaction from Defendant regarding these petitions.

Plaintiff filed the present action, alleging violations of his constitutional rights to academic liberty and equal protection, on July 20, 2006.  <u>Docket Document No. 1-1</u>.  Plaintiff claims that Defendant deprived him of his academic liberty by: Denying Plaintiff the opportunity to conduct research as part of his assigned teaching

Civil No. 06-1713 (JAF)                                              -3-

schedule; blocking Plaintiff's publication of two textbooks; assigning Plaintiff an onerous teaching schedule; limiting Plaintiff's participation in the curriculum review process to a fifteen-minute presentation; delaying and failing to publicize Plaintiff's receipt of an award; making inappropriate comments to Plaintiff; filing administrative charges against Plaintiff; offering Plaintiff a six-month, instead of a one-year, contract; failing to investigate charges against Plaintiff thoroughly; failing to respond to Plaintiff's petitions for redress; foreclosing Plaintiff's participation in public hearings for the Dean of Academic Affairs by sending Plaintiff a memo that arrived prohibitively late; and wrongfully denying Plaintiff tenure while granting tenure to other, less qualified, instructors. Id. Regarding his equal protection claim, Plaintiff alleges that Defendant wrongfully discriminated against him as a non-tenured professor by denying him the opportunity to apply for internal research grants. Id.

Plaintiff seeks both compensatory and punitive damages totaling $41,000,000 and equitable relief in the form of a court order requiring Defendant to grant Plaintiff tenure or, alternatively, eliminating Defendant's tenure system, and appointing a trustee to oversee Defendant's administrative and academic functions. Id. Defendant moved to dismiss on October 20, 2006. Docket Document No. 10. Plaintiff opposed Defendant's motion on November 13, 2006. Docket Document No. 14.

## II.

## **Standards**

### A.   **Motion to Dismiss Standard under Rule 12(b)(1)**

Under Rule 12(b)(1), a defendant may move to dismiss an action for lack of federal subject matter jurisdiction. See Fed. R. Civ. P. 12(b)(1) (1992 & Supp. 2004). The party asserting jurisdiction has the burden of demonstrating its existence. See Skwira v. United States, 344 F.3d 64, 71 (1st Cir. 2003)(citing Murphy v. United States, 45 F.3d 520, 522 (1st Cir. 1995)). The court has "an obligation to inquire sua sponte into its own subject matter jurisdiction." McCulloch v. Velez, 364 F.3d 1, 5 (1st Cir. 2004).

Rule 12(b)(1) is a "large umbrella, overspreading a variety of different types of challenges to subject-matter jurisdiction," including ripeness, mootness, the existence of a federal question, diversity, and sovereign immunity. Valentin v. Hosp. Bella Vista, 254 F.3d 358, 362-63 (1st Cir. 2001). A moving party may mount a "sufficiency challenge," taking the plaintiff's "jurisdictionally-significant facts as true" and requiring the court to "assess whether the plaintiff has propounded an adequate basis for subject-matter jurisdiction." Id. at 363. Alternatively, when the jurisdictional facts are distinct from the case's merits, a moving party can bring a "factual challenge," in which case the court addresses "the merits of the jurisdictional claim by resolving the factual disputes between the parties." Id.

Civil No. 06-1713 (JAF) -5-

**B.** **<u>Motion to Dismiss Standard Under Rule 12(b)(6)</u>**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss an action against him, based solely on the pleadings, for the plaintiff's "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). In assessing a motion to dismiss, "[w]e begin by accepting all well-pleaded facts as true, and we draw all reasonable inferences in favor of the [nonmovant]." <u>Wash. Legal Found. v. Mass. Bar Found.</u>, 993 F.2d 962, 971 (1st Cir. 1993); <u>see also</u> <u>Coyne v. City of Somerville</u>, 972 F.2d 440, 442-43 (1st Cir. 1992). We then determine whether the plaintiff has stated a claim under which relief can be granted.

We note that a plaintiff must only satisfy the simple pleading requirements of Federal Rule of Civil Procedure 8(a) to survive a motion to dismiss. <u>Swierkiewicz v. Sorema N.A.</u>, 534 U.S. 506 (2002); <u>Morales-Villalobos v. Garcia-Llorens</u>, 316 F.3d 51, 52-53 (1st Cir. 2003); <u>DM Research, Inc. v. College of Am. Pathologists</u>, 170 F.3d 53, 55-56 (1st Cir. 1999). A plaintiff need only set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," FED. R. CIV. P. 8(a)(2), and need only give the respondent fair notice of the nature of the claim and petitioner's basis for it. <u>Swierkiewicz</u>, 534 U.S. at 512-515. "Given the Federal Rules' simplified standard for pleading, '[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of

facts that could be proved consistent with the allegations.'" Id. at 514 (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)).

### III.

### **Analysis**

Plaintiff brings this action against Defendant UPR, alleging violations of his Fourteenth Amendment rights to academic liberty and equal protection, pro se. Docket Document No. 1-1. For purposes of Defendant's Rule 12(b)(6) motion, we therefore construe Plaintiff's complaint more favorably than we would pleadings drafted by an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972); Ayala Serrano v. Lebron Gonzalez, 909 F.2d 8, 15 (1st Cir. 1990). Plaintiff's pro-se status, however, does not insulate him from complying with procedural and substantive law. Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997).

We find that the Eleventh Amendment bars Plaintiff's claims. In the event that Plaintiff amended his complaint to circumvent Eleventh-Amendment immunity, however, we would dismiss the case for failure to state a claim upon which relief can be granted.

**A.   Eleventh Amendment**

The Eleventh Amendment provides that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or subjects of any Foreign State." U.S. CONST. amend. XI. "The Supreme Court has

Civil No. 06-1713 (JAF)                                           -7-

consistently held that the Eleventh Amendment protects an unconsenting state from suits brought by her own citizens as well as citizens of other states." Forte v. Sullivan, 935 F.2d 1, 2 (1st Cir. 1991). Defendant UPR is considered an "arm of the state" for Eleventh Amendment purposes. Toledo v. Sanchez, 454 F.3d 24, 31 (1st Cir. 2006)(citing Pinto v. Universidad de Puerto Rico, 895 F.2d 18 (1st Cir. 1990)). Defendant has not expressly waived sovereign immunity; the Eleventh Amendment, therefore, bars the current suit. Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd., 527 U.S. 666, 682 (1999).

**B.   Evaluation of Claims' Merits**

Although we find that the Eleventh Amendment bars Plaintiff's suit, we proceed to an extremely cursory discussion of the merits of Plaintiff's claims to explain why these claims would fail were Plaintiff to amend his complaint so that immunity did not bar his action.[1]

---

[1] If Plaintiff wished to bring a suit for prospective declaratory or injunctive relief against a UPR employee to prevent that state official from committing future constitutional violations under color of state law, the Ex Parte Young exception would be the only theory upon which Plaintiff could proceed with the case. Mills v. Maine, 118 F.3d 37, 54 (1st Cir. 1997) (citing Ex parte Young, 209 U.S. 123, (1908))("Ex Parte Young allows a way around the bar to federal jurisdiction erected by the Supreme Court's Eleventh Amendment jurisprudence only in cases where prospective declaratory or injunctive relief is sought under federal law."). Plaintiff clearly states in his filings, however, that he does not intend to bring an action against any individual employees of Defendant. Docket Document No. 14. Even if Plaintiff did wish to bring a claim under 42 U.S.C. § 1983 against a UPR employee, however, he would likely still face dismissal for the reasons outlined in § III. B. of this opinion,

Civil No. 06-1713 (JAF)                                                      -8-

### 1. **Academic Freedom**

Academic freedom rights are rooted in the First Amendment. University of Pa. v. E.E.O.C., 493 U.S. 182 (1990). A plaintiff claiming a violation of his academic liberty must therefore argue that the defendant has infringed upon his basic free speech rights. Omosbegon v. Wells, 335 F.3d 668, 676 (7th Cir. 2003). Plaintiff has made three allegations relating to speech in his complaint. He alleges that Defendant: (1) "blocked" the publication of textbooks he proposed to write; (2) limited his address to the curriculum review board to fifteen minutes; and (3) failed to give him ample opportunity to request and prepare a presentation for the public hearings regarding the Dean of Academic Affairs. Docket Document No. 1-1.

Plaintiff's academic freedom claims must fail because "[t]o the extent the Constitution recognizes any right of 'academic freedom' above and beyond the First Amendment rights to which every citizen is entitled, the right inheres in the university, not in individual professors." Urofsky v. Gilmore, 216 F.3d 401, 409 (4th Cir. 2000). Academic freedom does, however, bestow upon Defendant UPR the right to determine Plaintiff's teaching schedule, including the amount of

---

infra. Golden State Transit Corp. v. City of Los Angeles, 492 U.S. 103, 106 (1989) (stating that to establish a claim under § 1983, a plaintiff must show both the existence of a federal constitutional or statutory right and a deprivation of that right by a person acting under color of state law).

Civil No. 06-1713 (JAF)                                               -9-

time allotted to research, and whether or not to award grants to Plaintiff. Radolf v. Univ. of Conn., 364 F. Supp. 2d 204, 216 (D. Conn. 2005) ("No court has ever held that a university professor has a First Amendment right of academic freedom to participate in . . . performing research under any particular grant.").

Plaintiff has also failed to allege any other violation of his free speech rights under the First Amendment. Both incidents described by Plaintiff as Defendant "blocking" the publication of his work refer to the mere idea or proposal to write a book, and not to any actual, created speech. Docket Document No. 1-1. We, therefore, find no evidence in the record to support Plaintiff's allegation that Defendant's rightful actions led to an abrogation of Plaintiff's First Amendment rights to free speech in regard to the potential publication of any of Plaintiff's work. Similarly, Defendant was within its First Amendment academic freedom rights when it asked Plaintiff to close its remarks to the curriculum review board after fifteen minutes and when it imposed an administrative structure on the public hearings for the Dean of Academic Affairs.

Finding that Defendant has not violated any of Plaintiff's First Amendment rights, we now turn to an evaluation of Plaintiff's Fourteenth Amendment claims.

**2. Equal Protection**

The Fourteenth Amendment protects individuals from unjust government action, providing that no state shall "deprive any person

Civil No. 06-1713 (JAF)                                                -10-

of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." U.S. CONST. amend. XIV.[2] The equal protection clause of the Fourteenth Amendment requires states to treat all similarly situated persons alike. Plyler v. Doe, 457 U.S. 202, 216 (1982). Unless the state action at issue burdens a suspect class or infringes on a fundamental right, we review equal protection claims using rational basis review. Heller v. Doe, 509 U.S. 312, 319 (1993). At this level of scrutiny, the plaintiff must demonstrate that there is no rational relationship between the disparity of treatment and any legitimate government purpose. Id. at 320.

Non-tenured professors are not a suspect class, and Plaintiff does not cite to, nor are we able to find, any case where a contract professor's opportunity to apply for internal research is deemed a fundamental right. Defendant may have denied Plaintiff the opportunity to apply for internal research grants for any number of legitimate reasons, including a lack of interest in his research, a preference for other applicants, or a desire to limit the number of grant applicants. We, therefore, find that Defendant's actions pass constitutional muster, and no violation has occurred. Gun Owners'

---

[2] Plaintiff argues vigorously that Defendant UPR is not a state actor. Docket Document No. 14. Plaintiff apparently fails to realize that were he correct, he would have no grounds upon which to bring a Fourteenth Amendment claim. The point is moot, however, as it is settled law in the First Circuit that UPR is in fact an "arm of the state." Pinto, 895 F.2d at 18; Dogson v. University of Puerto Rico, 26 F. Supp. 2d 341, 343-44 (D.P.R. 1998).

Civil No. 06-1713 (JAF)                                                  -11-

Action League v. Swift, 284 F.3d 198, 213 (1st Cir. 2002)(finding that state conduct will be upheld under "any reasonably conceivable set of facts" establishing a rational relationship between the conduct and the government's legitimate ends).

### 3. Due Process

Plaintiff may have intended to bring a Fourteenth Amendment due process claim against Defendant, based on deprivation of Plaintiff's property interest in receiving tenure without due process. Absent unusual circumstances, however, "a probationary university employee has no 'property' interest in obtaining tenure." Beitzell v. Jeffrey, 643 F.2d 870, 875 (1st Cir. 1981). Plaintiff has failed to allege any extraordinary circumstances in the present case that would entitle him to tenure or warrant the court's interference with UPR's decision. Id.; Hosty v. Carter, 412 F.3d 71, 736 (7th Cir. 2005)("[A]cademic freedom includes the authority of the university to manage an academic community and evaluate teaching and scholarship free from interference by other units of government, including the courts.").

A professor also has no enforceable right or property interest in receiving a grant or award: "[s]uch funding is always discretionary with the funding agency." Radolf, 364 F. Supp. at 220. Plaintiff, therefore, has no due process claim with regard to the scholarship for funding to pursue a doctorate denied him by Defendant.

## IV.

## Conclusion

For the reasons stated herein, we **DISMISS** Plaintiff's complaint for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and, alternatively, we **GRANT** Defendant's motion to dismiss Plaintiff's complaint for failure to state a claim upon which relief can be granted, Docket Document No. 10. Plaintiff's complaint is **DISMISSED** in its entirety, with prejudice.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 20th day of December, 2006.

s/José Antonio Fusté
JOSE ANTONIO FUSTE
Chief U. S. District Judge